No. 26,050.

THE STATE OF KANSAS, *Appellee*, v. J. N. RICHARDSON, *Appellant*.

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion denying a rehearing filed November 6, 1926. (For original opinion of affirmance see 120 Kan. 772.)

*George McGill, John W. Adams, William J. Wertz, James A. Conly, Victor J. Rogers, George L. Adams,* all of Wichita, and *Silas Porter,* of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *S. A. Buckland* and *S. B. Amidon,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: J. N. Richardson, president, and O. A. Powell, vice president, of the American State Bank of Wichita, were convicted in separate trials of violation of the section of the banking act

State v. Richardson.

making it a felony for a bank to receive deposits while it is insol-
vent. Both defendants appealed. Because the separate appeals
presented·numerous questions common to the two cases, they were
disposed of in a single opinion (*State v. Powell,* 120 Kan. 772, 245
Pac. 128). In a petition for rehearing presented by Richardson, it
is said that in reaching the conclusion insolvency of the bank was
fully proved in Richardson's case, the court apparently coupled the
records of the Powell and Richardson cases; referred to matters not
proved in Richardson's case; and determined the merits of Richard-
son's appeal from facts with which he had not been confronted at
his trial; and in view of what he is pleased to call "the wide scope of
matters referred to in the opinion in this case," he takes the liberty
of suggesting matters foreign to both records, which he now desires
the court to take into consideration.

In determining whether the bank was proved to be insolvent so
conclusively that the expert testimony on the subject, wrongfully
admitted, prejudicially affected Richardson's substantial rights, the
record in Powell's case was not consulted or considered, and the
opinion of the court does not present the slightest appearance of a
coupling of the two records, in reaching a conclusion respecting sol-
vency of the bank.

As indicated, many questions in the two cases were identical, and
were so treated in the opinion (pp. 774 to 786). The proper method
of proving insolvency, including use of expert testimony, was a sub-
ject common to the two cases, and was so treated (pp. 786 to 788).
Effect of the error in admitting the expert testimony on Richardson's
case was then separately treated (pp. 789 to 791, middle of page).
Other assignments of error peculiar to Richardson's case were then
disposed of (pp. 791 to 794, middle of page). Powell's case was
then disposed of on grounds not pertinent to Richardson's case. In
treating the subject of the bank's solvency in its relation to Rich-
ardson's case, the record in Richardson's case was rigidly adhered
to. Had it been permissible to resort to the record in Powell's case,
it would not have been necessary to discuss the subject separately
in Richardson's case.

Since there is no foundation for Richardson's assertion that the
court went outside the record in deciding his case, the assertion may
not be used as a pretext for injecting into the petition for rehearing
matters not contained in the record in his case.

Matters properly presented in the petition for rehearing have been duly considered. They are sufficiently covered in the original opinion.

The petition for rehearing is denied.